**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DONALD HERSBERGER,                        )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )    Case No. 1:25-cv-01250-TWP-MKK
                                          )
JOHNSON MEMORIAL HOSPITAL d/b/a THE       )
WATERS OF MIDDLETOWN SKILLED              )
NURSING FACILITY,                         )
THE WATERS OF MIDDLETOWN SKILLED          )
NURSING FACILITY, LLC,                    )
                                          )
                    Defendants.           )

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Johnson Memorial Hospital d/b/a the Waters of Middletown Skilled Nursing Facility and The Waters of Middletown Skilled Nursing Facility, LLC (together, "Defendants") (Filing No. 19). Plaintiff Donald Hersberger ("Mr. Hersberger") initiated this action pursuant to the Omnibus Budget Reconciliation Act of 1987 and the Federal Nursing Home Reform Act (the "FNHRA"), 42 U.S.C. § 1396 *et seq.*, enforceable under 42 U.S.C. § 1983, to recover for injuries stemming from a wound that worsened while Mr. Hersberger resided at Defendants' nursing facility. For the following reasons, the Motion to Dismiss is **granted in part** and **denied in part**, and Mr. Hersberger is **granted leave** to amend his Complaint.

### I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Mr. Hersberger as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The Waters of Middletown Skilled Nursing Facility ("The Waters") is a long-term nursing care facility located in Middletown, Indiana, which is owned and operated by Defendant Johnson Memorial Hospital. Johnson Memorial Hospital is a county hospital located in Franklin, Indiana. Defendant The Waters of Middletown Skilled Nursing Facility, LLC, an Indiana company, maintains operational and managerial control over The Waters (Filing No. 1 ¶¶ 5–8, 13–16).

On June 24, 2023, Mr. Hersberger was admitted to The Waters for nursing services. When he was admitted, Mr. Hersberger had a small wound on his sacral region near his tailbone. *Id.* ¶¶ 19–20. Soon after his admission, Mr. Hersberger's family noticed that he "was not being properly turned and repositioned, due to his limited mobility status," contrary to staff reports. *Id.* ¶ 21. On July 10, 2023, Mr. Hersberger was discharged from The Waters to his family home, where a wound care specialist advised that his sacral wound had "progressed to an advanced stage that visibly showed his tailbone." *Id.* ¶ 22. Mr. Hersberger was subsequently admitted to Ascension St. Vincent Hospital in Anderson, Indiana, where he underwent debridement surgery. While on post-surgery bedrest, he developed severe blood clots in his legs that resulted in a pulmonary embolism. *Id.* ¶ 24. On August 29, 2023, Mr. Hersberger was transferred back to his family home. Ultimately, to "prevent the development of excruciating pressure wounds, [Mr. Hersberger] was advised to schedule an appointment with a plastic surgeon to have his entire tail bone removed that was visibly showing." *Id.* ¶¶ 25–26.

For several months surrounding the relevant period, the Complaint alleges that The Waters was understaffed, and that it therefore failed to provide services with reasonable accommodations to the individual needs of Mr. Hersberger, which included his being largely dependent on staff to be regularly turned and repositioned. The Complaint further alleges that Defendants failed to implement policies which would prohibit the mistreatment and abuse of residents; that they failed

to inform residents, including Mr. Hersberger, in advance about care and treatment or changes to their plan of treatment; and that they failed to maintain adequate clinical records on residents such as Mr. Hersberger, including the development of comprehensive care plans based on periodic resident assessments, as required by the FNHRA. *Id.* ¶ 32.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.     DISCUSSION

Defendants' Motion to Dismiss raises two overarching arguments: (A) Mr. Hersberger's claims are not actionable because the relevant provisions of the FNHRA do not create private rights enforceable under Section 1983; and (B) Mr. Hersberger fails to adequately plead violations of the cited FNHRA provisions.

### A.     Whether Mr. Hersberger's Rights Are Enforceable

The FNHRA, 42 U.S.C. § 1396r, which is part of the Omnibus Budget Reform Act of 1987, establishes standards for the administration of facilities and the rights of residents in Medicaid participating nursing homes. *Health and Hosp. Corp. v. Talevski*, 599 U.S. 166, 171 (2023). The requirements by which nursing facilities must abide are set out in three subsections: (b) ("Requirements relating to provision of services"); (c) ("Requirements relating to residents' rights"); and (d) ("Requirements relating to administration and other matters"). Mr. Hersberger's Complaint, on its face, asserts claims under provisions of subsection (c)—§ 1396r(c)(1)(A)(v)(I) and § 1396r(c)(1)(A)(i). Defendants argue that these two provisions do not create rights enforceable under Section 1983 (Filing No. 23 at 2–3).

The Supreme Court, in *Health and Hospital Corporation of Marion County v. Talevski*, 599 U.S. 166 (2023), held that two other provisions of subsection (c)—§ 1396r(c)(1)(A)(ii) and § 1396r(c)(2)(A)—create enforceable rights. The Court, applying *Gonzaga University v. Doe*, 536 U.S. 273 (2002), explained "that both [provisions] reside in 42 U.S.C. § 1396r(c), which expressly concerns '[r]equirements relating to residents' rights.'" *Id.* at 184 (quoting 42 U.S.C. § 1396r(c)). The Supreme Court also discussed the fact that both provisions contained rights-creating language, and the caveats and carveouts of both provisions were resident-centric. Ultimately, the Court concluded that §§ 1396r(c)(1)(A)(ii) and 1396r(c)(2)(A) "satisfy *Gonzaga*'s stringent standard" and create Section 1983-enforceable rights. *Id.* at 186.

In several analogous cases following *Talevski* (all filed by the same plaintiff's counsel), district courts in the Seventh Circuit have addressed whether the provisions of § 1396r(c) at issue here create private rights of action. In each case, the court has held that they do. *Pannell v. The Health & Hosp. Corp. of Marion Cnty.*, --- F. Supp. 3d ---, No. 24-CV-722, 2026 WL 684882, at *5 (N.D. Ind. Mar. 6, 2026); *Muhammad ex rel. Furlough v. Pulaski Mem'l Hosp.*, No. 1:25-cv-00881-JRS-TAB, 2026 WL 353324, at *3 (S.D. Ind. Feb. 3, 2026); *White v. Henry County Mem'l Hosp*, No. 1:24-cv-843-JRS-MKK, 2025 WL 2319998, at *5 (S.D. Ind. Aug. 12, 2025); *Huffman v. Hancock Reg'l Hosp.*, No. 1:24-cv-01674-SEB-MKK, 2025 WL 1767989, at *3 (S.D. Ind. June 25, 2025); *Est. of Tester ex rel. Tester v. Vill. at Hamilton Pointe, LLC*, No. 3:24-cv-00005-MPB-CSW, 2024 WL 4433040, at *8 (S.D. Ind. Sept. 20, 2024); *Villegas v. Hancock Reg'l Hosp.*, No. 2:24-cv-104, 2024 WL 4581170, at *3 (N.D. Ind. Oct. 23, 2024).

Defendants argue that the relevant provisions of the FNHRA in this case do not confer individual rights, but they offer no support for this argument, other than the general assertion that *Talevski*'s holding was limited to two different FNHRA provisions (Filing No. 23 at 2–3). Although *Talevski* dealt with different provisions of § 1396r(c), the Supreme Court's analysis is certainly instructive here, and this Court agrees with the conclusions that it, and its sister court, have reached in the past. *See also Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 360, 377 (2025) (citing § 1396r(c)(1)(A)(i) as an example of how "Congress knows how to create clear rights"). Under *Talevski* and *Gonzaga*, § 1396r(c)(1)(A)(i) and § 1396r(c)(1)(A)(v)(I) confer enforceable rights.

**B.    <u>Whether Mr. Hersberger's Claims are Sufficiently Alleged</u>**

The remaining question, then, is whether Mr. Hersberger has alleged sufficient facts to raise a reasonable inference that Defendants violated these FNHRA provisions. Mr. Hersberger's Complaint includes fifteen alleged violations of the FNHRA and corresponding sections of the Code of Federal Regulations (Filing No. 1 ¶¶ 32(a)–(o)). Defendants argue that most of these

allegations do not enforce rights under § 1396r(c)(1)(A)(i) and § 1396r(c)(1)(A)(v)(I), the Complaint does not contain sufficient factual support for these alleged violations, and the Complaint does not adequately allege a basis for municipal liability.

The Court agrees with Defendants that most of Mr. Hersberger's claims are not based in § 1396r(c). Mr. Hersberger responds that his Complaint plainly alleges conduct that violates § 1396r(c) (Filing No. 28 at 7–8). "But Plaintiff saying it does not make it so."[1] *Washington v. Daviess Cnty. Hosp.*, No. 1:24-cv-01914-MPB-MJD, 2025 WL 2080950, at *2 (S.D. Ind. June 13, 2025). A closer look at the Complaint reveals that most of Mr. Hersberger's claims (Filing No. 1 ¶¶ 32(c)–(g), (i)–(o)) are based in § 1396r(b) or § 1396r(d), which this court has held do <u>not</u> create enforceable rights. *E.g.*, *Huffman*, 2025 WL 1767989, at *3 (S.D. Ind. June 25, 2025); *Est. of Tester*, 2024 WL 4433040, at *6, 10. As courts in this district recently explained in a similar case, references to § 1396r(c) cannot be used "as a Trojan Horse to implicate FNHRA provisions that do not create enforceable rights." *Washington*, 2025 WL 2080950, at *2; *see Huffman*, 2025 WL 1767989, at *4. Mr. Hersberger's claims asserted in ¶¶ 32(c)–(g) and (i)–(o) do not plausibly allege violations of § 1396r(c)(1)(A)(i) or § 1396(c)(1)(A)(v) and therefore fail to state a claim upon which relief may be granted. *Muhammad*, 2026 WL 353324, at *4 (dismissing similar claims for same reason).

Mr. Hersberger's citations to federal regulations do not save these claims from dismissal. "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). Mr. Hersberger cites no authority suggesting that he may sue for violations of the cited

---

[1] *Compare* Filing No. 1 ¶ 32(c) *with* § 1396r(b)(1)(A); ¶ 32(d) *with* § 1396r(b)(1)(A); ¶ 32(e) *with* § (b)(2); ¶ 32(g) *with* § (d)(1)(A); ¶ 32(h) *with* § (b)(2)(C); ¶ 32(i) *with* § (b)(3)(C)(i)(II); ¶ 32(j) *with* § (b)(3)(C)(ii); ¶ 32(k) *with* § (b)(4)(A)(ii); ¶ 32(l) *with* § (b)(4)(B); ¶ 32(m) *with* § (b)(2);¶ 32(n) *with* § (b)(6); ¶ 32(o) *with* § (d)(1)(A).

regulations independent of his claims under § 1396r. *See Huffman*, 2025 WL 1767989, at *4 n.2. Accordingly, his claims that do not allege violations of § 1396r(c)—¶¶ 32(c)–(e) and (g)–(o)—are **dismissed**. *See White*, 2025 WL 2319998, at *4; *Huffman*, 2025 WL 1767989, at *4; *Pannell*, 2026 WL 684882, at *7 (finding that amendment of materially identical claims would be futile).

That leaves three claims arising out of § 1396r(c) of the FNHRA, which the Court addresses in turn. First, in ¶ 32(a), Mr. Hersberger alleges that Defendants, as a policy and procedure, failed "to provide services with reasonable accommodations of [his and other residents'] individual needs and preference." (Filing No. 1 ¶ 32(a)). Defendants argue that the Complaint does not contain any allegations regarding individual needs or preferences that were not accommodated (Filing No. 23 at 4), but the Court disagrees. Mr. Hersberger alleges that he needed to be regularly turned and repositioned by staff due to his limited mobility, that The Waters was understaffed, that this lack of staff prohibited The Waters from providing him with a reasonable accommodation of his individual need for regular staff assistance, and that this lack of assistance ultimately resulted in the worsening of his wound. This is "a story that holds together" for purposes of 12(b)(6). *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010). Mr. Hersberger's claim goes beyond a mere "formulaic recitation" of the claim's elements, *Twombly*, 550 U.S. at 555, and provides a set of facts that, if true, suggest Defendants could be liable under § 1396r(c)(1)(A)(v)(I). *See Huffman*, 2025 WL 1767989, at *4 (finding similar allegations to be sufficient).

Defendants next argue that the Complaint does not contain sufficient allegations of a policy or custom related to residents' rights to reasonable accommodations of their individual needs and preferences (Filing No. 23 at 4–5). The Waters is owned and operated by Johnson Memorial Hospital, which is a governmental agency, so Defendants are municipal entities for purposes of Section 1983. Section 1983 claims against municipal entities are governed by *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978) ("*Monell*"). To succeed on a *Monell* claim, a plaintiff must prove, in part, that defendant took "an action pursuant to municipal policy," and must prove "causation, meaning the municipal action was the moving force behind the constitutional injury." *Hall v. City of Chi.*, 953 F.3d 945, 950 (7th Cir. 2020) (citation modified). A plaintiff can demonstrate the existence of a municipal policy by pointing to "an express policy causing the loss, a widespread practice constituting custom or usage that caused the loss, or causation of the loss by a person with final policymaking authority." *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1999).

> The Complaint here alleges:

> During the time when Mr. Hersberger was a resident of Waters, the facility was understaffed. The Center for Medicare and Medicaid Services Payroll Based Journal information for the facility shows that for Quarter 2, 2023 and Quarter 3, 2023, the facility was below the national average and recommended and required certified nurse aide hours for all days in both quarters and below the number of other Nurse hours for 90 and 78 days of the quarters, respectively. Managers, owners and operators of Waters knew the facility was understaffed yet made no corrections to their budgeting to allow for additional needed staff to provide care to Mr. Hersberger.

(Filing No. 1 ¶ 27). Mr. Hersberger argues that this allegation demonstrates a "persistent, months-long failure to meet staffing standards is more than sufficient to plead a 'widespread practice claim under *Monell*.'" (Filing No. 28 at 10 (quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017))). The Court agrees that this is sufficient at the pleadings stage. As our sister court explained when considering nearly identical allegations:

> Plaintiff's allegations that [Defendants] knew the facility was lacking staff, did nothing to correct that deficiency, and [Mr. Hersberger] and other residents suffered adverse outcomes are plausible on their face. The duration of the understaffing levels support[s] the inference that this was more than a one-off situation, but a prolonged level of care at [The Waters], and thus did not need to be authorized by written law and express policy, to be so well settled as to constitute a custom or usage with the force of law. The causation element is also plausibly established in that Plaintiff alleges that [The Waters] knew that the facility was not staffed to a level where it was complying with FNHRA and the Centers for Medicare and

Medicaid Services. [Defendants'] failure to employ enough staff for the accommodation of resident needs was a wide-spread practice that created the inability of the staff to provide the care due to [Mr. Hersberger] and under FNHRA, in violation of [his] rights. Under the *Monell* standard, the facts provided by the Plaintiff are sufficient for the reasonable inference that [Defendants] violated [Mr. Hersberger's] rights as a matter of custom.

*Pannell*, 2026 WL 684882, at *8 (internal quotation marks and citation omitted).

This Court agrees with the Northern District of Indiana's analysis and finds that Mr. Hersberger has alleged sufficient facts to withstand dismissal of his *Monell* claim at ¶ 32(a). *But see Washington v. Daviess Cnty. Hosp.*, No. 1:24-cv-01914-MPB-MJD, 2025 WL 2944258, at *4 (Oct. 14, 2025), *on appeal at* No. 25-3054 (7th Cir. Nov. 14, 2025) (granting motion to dismiss second amended complaint; finding that allegations of "staffing deficiencies" did not establish violation of § 1396r(c) because § 1396r(c) does not guarantee certain staffing levels).

Second, in ¶ 32(b), Mr. Hersberger claims Defendants, as a policy and procedure, failed to "develop and implement written Policies and Procedures that prohibit the mistreatment, deliberate indifference and abuse of residents," including Mr. Hersberger (Filing No. 1 ¶ 32(b)). Although "detailed factual allegations" are not required, this single conclusory allegation does not satisfy Rule 8's pleading standard. The Complaint contains no allegations regarding any written policies or procedures that Defendants should have adopted, or how the failure to adopt any such policies caused Mr. Hersberger's injuries. The Complaint likewise does not include enough facts to permit a reasonable inference that it is Defendants' custom and policy to permit (or at least not prohibit) the mistreatment, deliberate indifference, or abuse of residents. This claim is therefore **dismissed**.

And third, in in ¶ 32(f), Mr. Hersberger alleges that Defendants, as a policy and procedure, failed to allow residents, including Mr. Hersberger, "to be fully informed in advance about care and treatment [and] any changes in care or treatment that may affect the resident's well-being, and to participate in planning care and treatment or changes in care and treatment." (Filing No. 1

¶ 32(f)). However, the Complaint contains no allegations that Mr. Hersberger was not able to choose his physician, was not informed of his care plan, or was unable to participate in planning his care and treatment. Mr. Hersberger's mere recitation of § 1396r(c)(A)(i) is not enough to satisfy Rule 8's pleading standard, so this claim must be **dismissed**.

### C.      Leave to Amend

Mr. Hersberger requests leave to amend his Complaint, to the extent any claims are subject to dismissal (Filing No. 28 at 11). Defendants do not oppose this request. "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed . . . [unless] amendment would be futile or otherwise unwarranted." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519, 520 (7th Cir. 2015). The Court **grants** Mr. Hersberger's request for leave.

### IV.      CONCLUSION

For the reasons explained above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss (Filing No. 19). The dismissal is **granted** as to Mr. Hersberger's claims alleged in ¶¶ 32(b)–(o) of the Complaint, and those claims are **dismissed without prejudice**. Dismissal is **denied** as to Mr. Hersberger's claim alleged in ¶ 32(a), which **shall proceed**.

Mr. Hersberger is **granted leave** of thirty (30) days from the date of this Order to file an amended complaint, **if such filing would not be futile**. If nothing is filed by that date, then this matter will proceed only as to Mr. Hersberger's claim alleged in ¶ 32(a) of the Complaint, and the dismissal of his remaining claims will be converted to a dismissal with prejudice.

**SO ORDERED**.

Date:    3/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Daniell
Smith Clinesmith, LLP
rdaniell@fightingelderabuse.com

Nicola Natasha Gray
Smith Clinesmith, LLP
nicola@fightingelderabuse.com

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

Bradley Needham
Smith Clinesmith, LLP
bneedham@fightingelderabuse.com

Jacob Runyon
Smith Clinesmith, LLP
jacob@fightingelderabuse.com